Mr. Justice Clayton
delivered the opinion of the court.
This was an information in the nature of a quo warranto against the bank for a violation of its charter. The bank pleaded its charter. Three replications were then filed, setting out the alleged acts of violation. The first avers that the bank had assigned to trustees “ all of its property of every kind and description, in trust, to sell the property and collect the debts, and pay all the liabilities of the bank, and then to divide and pay over the surplus to the stockholders, in proportion to their shares.”
The second avers, “that on the day of October, 1845, the bank, with the intention of never again discounting notes, issuing bills for circulation, or otherwise carrying on banking operations, assigned to certain persons, as trustees, to liquidate and wind up its affairs and business, all its property of every kind and description, in trust,” &c.
The third avers “that the bank,fraudulently, and with intent to violate the law, assigned all its bills receivable,” &c.
*577 To these several replications, the following rejoinders were filed, first, “ that it is stipulated in said assignment, that the trustees therein may, whenever it is necessary, use the name of said bank in bringing or defending suits, or any other acts necessary to be done in its name; and that in and by said assignment, choses in action to the value of half a million of dollars, were assigned ; that said bank was and is not insolvent, but was then paying, and continues to pay, specie on all its demands; that nearly all its debts were paid before the filing of the information, and that it has since continued to elect its officers and perform other corporate acts.” The second rejoinder is in substance the same.
The third avers “ that it did not make said assignment fraudulently and with the intent to violate the law, but that, at the time of the making thereof, a quo warranto was pending against it, and the same was made for the benefit of its creditors and stockholders, and to prevent the extinguishment- of its assets, in case judgment had been rendered against it; but that said judgment was finally rendered in its favor.”
To this rejoinder there was a general demurrer, on which judgment was given for the bank, and the case thence comes to this court.
The demurrer admits that the bank is not insolvent, that it . has paid, and continued to pay, specie on all its debts; that it elects its officers, and performs other corporate acts, and that the assignment was not made fraudulently, or with intent to violate the law, but to preserve its assets from extinguishment. The single question for decision, therefore, is, whether an assignment made for these purposes, and going to this extent, amounts in itself to just cause of forfeiture.
It is very properly conceded by the argument on the part of the state, that the assignment is not of itself, either a dissolution of the corporation, or a surrender of its franchises. The authorities very clearly sustain these positions. Boston Glass Manufactory v. Langdon et al., 24 Pick. 53; State Bank of Maryland, 6 Gill & Johns. 230; Angell & Ames on Corp. 656. But it is *578 contended that the act may be cause of forfeiture and of seizure of the franchises of the bank.
“A private corporation created' by the legislature, may lose its franchises by a misuser or nonuser of them;, and they may be resumed by the government under a judicial judgment upon a quo warrauto to ascertain and enforce the forfeiture.” Terrett v. Taylor, 9 Cr. 51; Commercial Bank of Rodney v. The State, 4 S. & M. 492; People v. Bank of Hudson, 6 Cowen, 218. This is the common law of the land, and is a tacit condition annexed to the creation of every such corporation. Is the assignment in this case, either such a misuser or nonuser of the corporate franchise, as amounts to causo of forfeiture!
It is the settled doctrine of this court, that a bank may make a general assignment of its property and effects, and such assignment, if in other respects fair, will be sustained. It has been argued that as such assignment is legal, it cannot have-the effect to cause a forfeiture of -charter. To some extent this is true, but not to the extent to which it is pushed in argument. It is certainly not such a misuser of its franchises, as in and of itself will amount to cause of forfeiture. But then it may place it out of the power of the bank to comply with the terms, and fulfill the purposes and perform the conditions, upon which its charter was granted, and 'thus prove a ground of forfeiture for nonuser.
Every suspension of- the use of its franchises for a limited time, does not amount to a breach of condition and consequent ground of forfeiture. • A reasonable allowance must be made for peculiar circumstances and exigencies. A substantial compliance is all that is required. The fluctuations of commerce may sometimes make it incumbent on a bank to curtail its discounts, or entirely to suspend them, in order to preserve its integrity. The less is thus sacrificed to the greater. The furnishing of a sound and convertible medium of currency, is the primary object in the incorporation of banks; the accommodation of those who deal with them, and the benefit of the stockholders are the secondary objects. It is essential to their preservation and safety, that they should cease to issue a circulation, when *579 they have not the means to redeem it. It is right for them to withhold for a time, until they can gather strength for subsequent operations. Hence expansions and contractions are inseparably interwoven with the banking system. It has its seed-time and its harvest. A reasonable discretion must therefore, of necessity, be allowed to a corporation in the exercise of these powers,, on which its very existence depends. It is by no means easy to draw a line which would define the boundary between legitimate acts of prudence, and those which would be an abuse of its franchises. Each case must rest somewhat on its own circumstances. Commercial Bank of Natchez v. The State, 6 S. & M. 623.
In this case the question arising upon the demurrer is, whether the assignment of itself is cause of judgment of forfeiture. It was made for the purpose of collecting its debts, paying its own liabilities, and then paying the surplus to the stockholders. The organization of the bank was still kept up, by the election of its officers. It was made to prevent the extinction of its assets, in the event of a judgment against it, in the quo warranto then pending. The suspension of its banking powers, during the pendency of the proceeding, could have no effect against it, because the Briscoe act required such suspension. Its debts were all paid, except a trifling amount. After the termination of the quo warranto, as there were no creditors, the trustees, under the assignment with the assent of the stockholders, might have made a reassignment of the assets, and the bank would then have been restored to its former condition, and might have resumed operations. This, however, does not appear to have been done.
We have already stated, that the simple act of assignment was not a misuser of its chartered privileges. It could not be a nonuser, because it was an exercise of a corporate franchise. It might, however, place the bank in a situation, which would end in a nonuser, for the want of means with which to carry on its operations. But it has not in itself that effect.
The pleadings present the naked question, whether the mere assignment is cause of forfeiture. We think it is not, because, *580 although of necessity it produces a temporary suspension of some of the corporate powers, it leaves others still in active operation. The exercise of the latter may place the bank in a situation to resume the former, at a subsequent period. A continued suspension of the principal corporate franchises, and a failure to perform the implied conditions upon which the charter was1 granted, amount to a nonuser which would be cause of forfeiture. Looking, however, to the case as now presented upon the record, we cannot see any act or omission upon the bank which would warrant a judgment of seizure against it.
The judgment of the court below is affirmed.